JOHN NIVEN and Others v. W. B. CRAIG.[1]

November 26, 1895.

Nos. 9757—(188).

**Amendment of Complaint.**

*Held,* the court below did not abuse its discretion in allowing an amendment of the complaint upon the trial.

**Ordering Verdict.**

*Held,* on the evidence, the court did not err in ordering a verdict for plaintiff.

Appeal by defendant from an order of the district court for Blue Earth county, Cadwell, J., denying a motion for a new trial. Affirmed.

*W. L. Comstock* and *Benjamin D. Smith,* for appellant.
*Hughes, Rice & Hughes,* for respondents.

CANTY, J. Plaintiffs brought an action against defendant, and alleged in their complaint that they "sold and delivered to defendant, at his request, certain cut stone and granite at the agreed price of $3,438." Defendant answered, alleging that he had made two certain contracts with plaintiffs for the sale and delivery to him of such cut stone and granite for the federal courthouse and post-office building at Mankato, Minnesota, that by one contract he agreed to pay for the stone therein mentioned the sum of $2,440, and by the other contract the sum of $998 for the stone therein mentioned, and that by the terms of said contracts plaintiffs were to be paid "upon the acceptance and approval thereof by the supervising architect and the superintendent in charge of the construction aforesaid." It is further alleged that plaintiffs did not perform either contract, had received pay for more than they had performed, and that neither said architect nor superintendent had ever accepted the material so delivered prior to the commencement of this action. The reply was a general denial. On the trial the court permitted plaintiffs to amend their complaint by alleging that the stone was cut and delivered pursuant to the contract set up by de-

[1] Reported in 65 N. W. 86.

fendant, except that it is alleged, and appears by these contracts, as introduced in evidence, that the stone was "to be paid for when accepted by the superintendent in charge."

Neither of these contracts required the stone to be accepted by the supervising architect, whose office is at Washington. It is true that these contracts also require the work to be done according to the plans and specifications, and that the plans and specifications, which are a part of defendant's contract, require him to furnish stone "in every way acceptable to the supervising architect, all of the work  *  *  *  to be completed to the satisfaction of the superintendent and supervising architect." But it is plain that this language does not, by reference, become a part of plaintiffs' contracts. In those contracts it is provided that the stone shall be paid for when accepted by the superintendent in charge, and it is clearly a case for the application of the doctrine that the expression of one thing is the exclusion of another. The amendment allowed was clearly within the discretion of the court.

Plaintiffs' evidence sufficiently proved that they had fully performed the contracts on their part. This evidence was wholly uncontradicted, as defendant offered no evidence, and there was nothing left for the court to do but order a verdict for plaintiffs, as it did.

The order denying defendant's motion for a new trial is affirmed.